CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 2 2 2013

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:09-cr-00024-1 |
| | ) | Criminal Action No. 4:10-cr-00008 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| DOUGLAS A. PANNELL, JR., | ) | By:  Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Douglas A. Pannell, Jr., a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that he should be resentenced to a shorter term of incarceration due to the Fair Sentencing Act of 2010 ("FSA").

I sentenced petitioner on March 3, 2011, to 151 months' incarceration for two convictions: 145 months' incarceration for distributing more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and six-months' consecutive incarceration for committing an offense while on supervised release, in violation of 18 U.S.C. § 3147. Petitioner's sentencing-guidelines range of 151 to 188 months was the result of applying the FSA to petitioner's sentencing calculations. Petitioner did not appeal the judgment.

Petitioner filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3582, the FSA, and Amendment 750 of the United States Sentencing Guidelines, in October 2011. I denied the motion and petitioner's subsequent motion for reconsideration in November 2011 because petitioner's base offense level, total offense level, and guidelines imprisonment range were unaffected by Amendment 750; petitioner had already benefitted from the FSA when I imposed the 151-month sentence.

Petitioner now argues via the § 2255 motion that the FSA should reduce his sentence because of the consolidated cases of Dorsey v. United States and Hill v. United States, __ U.S. __, 132 S. Ct. 2321, 2331 (2012).[1]  However, as I have already twice explained to petitioner, the FSA cannot be used to further reduce petitioner's sentence.  Amendment 750, Dorsey, and Hill have no additional impact on petitioner's term of incarceration because he already benefitted from the FSA when I imposed the original sentence.  Accordingly, it plainly appears from the motion that petitioner is not entitled to relief, and I dismiss petitioner's motion to vacate, set aside, or correct sentence, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.  Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 22nd day of January, 2013.

Senior United States District Judge

---

[1] The Supreme Court of the United States held in these cases that the FSA's "more lenient penalties" apply retroactively to crack cocaine offenders who, like petitioner, committed the crime before passage of the FSA but were sentenced after its August 3, 2010, effective date.

2