CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 1 1 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:09-cr-00024-1 |
| | ) | Criminal Action No. 4:10-cr-00008-1 |
| v. | ) | **MEMORANDUM OPINION** |
| DOUGLAS A. PANNELL, JR., | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Douglas A. Pannell, Jr., a federal inmate proceeding pro se, filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60, to challenge his imposed sentence. After reviewing the record and the Rule 60 motion, I conclude that it is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating the subject matter of a pro se motion determines its status, not its caption).

After a federal court dismisses a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, a Rule 60(b) motion that presents a new basis for post-conviction relief or repeats an attack on the judgment is, in fact, a successive request under § 2255(h). United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003). To allow prisoners to bring a successive claim in a Rule 60 motion would circumvent the requirement under § 2255(h) that a successive claim must first be certified by a court of appeals. Gonzales v. Crosby, 545 U.S. 524, 531-32 (2005).

I dismissed Petitioner's first § 2255 motion on July 9, 2013, and the Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. Petitioner claims in the instant motion that his sentence is illegal, which clearly falls within the class of claims that must be construed and treated as successive. As Petitioner does not establish that the instant claim has been certified by the Court of Appeals for the Fourth Circuit pursuant to § 2255(h), the motion must be dismissed

without prejudice as successive. Based upon my finding that Petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 11th day of February, 2014.

                                                          /s/ Jackson L. Kiser
                                                          Senior United States District Judge